IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LORIE B. SHARPE, | ) |
| | ) |
| Defendant, | ) |
| | ) |

## COMPLAINT

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to: (a) recover erroneous refunds made to Lorie B. Sharpe ("Lorie Sharpe") for the 2014 and 2015 taxable years ("Count I"); (b) collect the civil penalty assessments made against Lorie Sharpe under 26 U.S.C. § 6702 for filing frivolous returns for the 2012 through 2016 taxable years ("Count II"); and (c) in the alternative, with respect to the claims for erroneous refunds set forth in Count I, collect the tax and additions to tax assessed against Lorie Sharpe for the 2014 and 2015 taxable years; and collect the tax and additions to tax assessed against Lorie Sharpe for the 2013 taxable year ("Count III").[1]

---

[1] As set forth in more detail below, the United States seeks to collect the amounts Lorie Sharpe owes for her 2013 through 2015 taxable years, which is limited to any refunds erroneously issued to her and her unpaid tax liabilities for those years.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7405.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Lorie B. Sharpe is a taxpayer who resides in Philadelphia, Pennsylvania, within the jurisdiction of this Court.

## FACTUAL BACKGROUND

**2012 tax year**

5. Lorie Sharpe filed her 2012 income tax return in March 2013. She reported wages of $5,783 and no taxable interest on Line 8a. She also reported that $508 of taxes had been withheld. She further reported a total income tax of $0 (not taking into account any payments such as tax withholding).

6. About one and half years later, Lorie Sharpe filed an amended 2012 income tax return. She reported an additional $20,563 in taxable interest on Line 8a, and $20,250 in other income as "cancelled debt income" on Line 21. She also reported that an additional $20,445 of taxes had been withheld. She now reported a total income tax of $2,584 (not taking into account any payments such as tax withholding), and a refund due of $18,861.

7. Third-party reports to the IRS indicate that Lorie Sharpe earned zero interest income and that only $507 in taxes had been withheld.

8. A delegate of the Secretary of Treasury did not assess additional tax in response to this amended return, nor did the IRS issue to Lorie Sharpe the refund she requested.

9. A delegate of the Secretary of Treasury assessed a civil penalty of $5,000 against Lorie Sharpe under 26 U.S.C. § 6702 in March 2015 for filing a frivolous return.

**2013 tax year**

10. Lorie Sharpe filed her 2013 income tax return in March 2014. She reported wages of $23,143, taxable interest of $34,131, and no other income. She also reported that $34,976 of taxes had been withheld. She further reported a total income tax of $4,061 (not taking into account any payments such as tax withholding), and a refund due of $31,915.

11. Based on the self-reported tax due, a delegate of the Secretary of Treasury assessed against Lorie Sharpe income tax of $4,061 in March 2014.

12. The IRS also erroneously issued Lorie Sharpe a refund of $31,915 to her bank account in March 2014.

13. Third-party reports to the IRS, however, indicate that Lorie Sharpe earned zero interest income and that only $845 in taxes had been withheld.

14. A delegate of the Secretary of Treasury assessed additional tax of $34,131 against Lorie Sharpe in March 2017 under 26 U.S.C. § 6201(a)(3) for her overstated tax withholding.

15. A delegate of the Secretary of Treasury also assessed a civil penalty of $5,000 against Lorie Sharpe under 26 U.S.C. § 6702 in March 2018 for filing a frivolous return.

**2014 tax year**

16. Lorie Sharpe filed her 2014 income tax return in April 2015. She reported wages of $2,288, taxable interest of $57,207, and other income of $57,207. She also reported that $51,548 of taxes had been withheld. She further reported a total income tax of $19,184 (not taking into account any payments such as tax withholding), and a refund due of $32,364.

17. Based on the self-reported tax due, a delegate of the Secretary of Treasury assessed against Lorie Sharpe income tax of $19,184 in June 2015.

18. The IRS also erroneously issued Lorie Sharpe a refund of $27,345.89 to her bank account on May 28, 2015.

19. Third-party reports to the IRS, however, indicate that Lorie Sharpe earned zero interest income and that only $411 in taxes had been withheld.

20. A delegate of the Secretary of Treasury assessed additional tax of $51,137 against Lorie Sharpe in March 2017 under 26 U.S.C. § 6201(a)(3) for her overstated tax withholding.

21. A delegate of the Secretary of Treasury also assessed a civil penalty of $5,000 against Lorie Sharpe under 26 U.S.C. § 6702 in January 2018 for filing a frivolous return.

**2015 tax year**

22. Lorie Sharpe filed her 2015 income tax return in April 2016. She reported wages of $533, taxable interest of $1,716,513, and other income of $1,672,980. She also reported that $1,544,862 of taxes had been withheld. She further reported a total income tax of $1,119,404 (not taking into account any payments such as tax withholding), and a refund due of $425,458.

23. Based on the self-reported tax due, a delegate of the Secretary of Treasury assessed against Lorie Sharpe income tax of $1,119,404 in April 2016.

24. The IRS also erroneously issued Lorie Sharpe a refund of $425,458 to her bank account in April 2016.

25. Third-party reports to the IRS, however, indicate that Lorie Sharpe earned zero interest income and that no taxes had been withheld.

26. A delegate of the Secretary of Treasury assessed additional tax of $1,544,862 against Lorie Sharpe in March 2017 under 26 U.S.C. § 6201(a)(3) for her overstated tax withholding.

27. A delegate of the Secretary of Treasury also assessed two civil penalties of $5,000 against Lorie Sharpe under 26 U.S.C. § 6702 in June 2017 and January 2018 for filing a frivolous return.

**2016 tax year**

28. Lorie Sharpe filed her 2016 income tax return in May 2017. She reported no wages, taxable interest of $658,140, and other income of $658,125. She also reported that $592,312 of taxes had been withheld. She further reported a total income tax of $479,007 (not taking into account any payments such as tax withholding), and a refund due of $113,305.

29. Third-party reports to the IRS, however, indicate that Lorie Sharpe earned $15 of interest income and that no taxes had been withheld.

30. A delegate of the Secretary of Treasury also assessed a civil penalty of $5,000 against Lorie Sharpe under 26 U.S.C. § 6702 in July 2017 for filing a frivolous return.

**Tax and civil penalty assessments**

31. Based on information provided by Lorie Sharpe's tax returns, a delegate of the Secretary of the Treasury made assessments against Lorie Sharpe for her unpaid federal income taxes, as well as penalties, interest, and other statutory additions, as follows:

| Tax Type | Tax Year | Assessment Date | Assessment Type | Assessment Amount | Balance Owed (as of 09/03/2018) |
|---|---|---|---|---|---|
| Income (Form 1040) | 2013 | 03/24/2014 | Tax | $4,061.00 | $54,479.08 |
| | | 03/06/2017 | Civil Penalty | $6,826.20 | |
| | | 03/06/2017 | Additional Tax | $34,131.00 | |
| | | 06/12/2017 | Interest | $4,439.24 | |
| | | 06/12/2017 | Failure-to-Pay Penalty | $341.31 | |
| | | 07/24/2017 | Failure-to-Pay Penalty | $341.31 | |
| | | 07/24/2017 | Interest | $386.25 | |

| Tax Type | Tax Year | Assessment Date | Assessment Type | Assessment Amount | Balance Owed (as of 09/03/2018) |
|---|---|---|---|---|---|
| Income (Form 1040) | 2014 | 06/08/2015 | Tax | $19,184.00 | $72,427.33 |
| | | 03/06/2017 | Civil Penalty | $10,227.40 | |
| | | 03/06/2017 | Additional Tax | $51,137.00 | |
| | | 06/12/2017 | Interest | $4,131.25 | |
| | | 06/12/2017 | Failure-to-Pay Penalty | $461.19 | |
| | | 07/17/2017 | Failure-to-Pay Penalty | $461.19 | |
| | | 07/17/2017 | Interest | $467.47 | |
| Income (Form 1040) | 2015 | 04/25/2016 | Tax | $1,119,404.00 | $2,320,544.55 |
| | | 03/06/2017 | Civil Penalty | $308,972.40 | |
| | | 03/06/2017 | Additional Tax | $1,544.862.00 | |
| | | 06/12/2017 | Interest | $79,886.01 | |
| | | 06/12/2017 | Failure-to-Pay Penalty | $15,448.62 | |
| | | 07/24/2017 | Failure-to-Pay Penalty | $23,172.93 | |
| | | 07/24/2017 | Interest | $16,456.83 | |
| | | | | **Total** | $2,447,450.96 |

32. Lorie Sharpe was given proper notice and demand for payment of the assessments described in paragraph 31, above.

33. Despite such notice and demand, Lorie Sharpe has failed to fully pay the tax liabilities described in paragraph 31.

34. A delegate of the Secretary of the Treasury made assessments against Lorie Sharpe for civil penalties under 26 U.S.C. § 6702 for filing frivolous returns, as well as penalties, interest, and other statutory additions, as follows:

| Tax Type | Tax Year | Assessment Date | Assessment Type | Assessment Amount | Balance Owed (as of 10/29/2018) |
|---|---|---|---|---|---|
| § 6702 | 2012 | 03/02/2015 | Civil Penalty | $5,000.00 | $5,759.39 |
| § 6702 | 2013 | 03/05/2018 | Civil Penalty | $5,000.00 | $5,162.01 |

| Tax Type | Tax Year | Assessment Date | Assessment Type | Assessment Amount | Balance Owed (as of 10/29/2018) |
|---|---|---|---|---|---|
| § 6702 | 2014 | 01/08/2018 | Civil Penalty | $5,000.00 | $5,298.14 |
| § 6702 | 2015 | 06/26/2017 | Civil Penalty | $5,000.00 | $10,500.33 |
|  |  | 01/08/2018 | Civil Penalty | $5,000.00 |  |
| § 6702 | 2016 | 07/24/2017 | Civil Penalty | $5,000.00 | $5,290.29 |
|  |  |  |  | **Total** | **$32,010.16** |

35. Lorie Sharpe was given proper notice and demand for payment of the assessments described in paragraph 34, above.

36. Despite such notice and demand, Lorie Sharpe has failed to fully pay the tax liabilities described in paragraph 34.

**COUNT I: RECOVER ERRONEOUS REFUNDS ISSUED TO LORIE SHARPE UNDER 26 U.S.C. § 7405**

37. The United States incorporates by reference the allegations set forth in paragraphs 1 through 36 of the complaint.

38. Section 7405 of the Internal Revenue Code (26 U.S.C.) provides that any portion of a federal tax which has been erroneously refunded may be recovered by a civil action brought in the name of the United States.

39. Lorie Sharpe falsely overstated the amounts withheld for the 2014 and 2015 tax years: specifically she reported $51,548 of taxes withheld for 2014 and $1,544,862 for 2015.

40. However, third party reports to the IRS indicate that Lorie Sharpe had only $411 in taxes withheld for 2014 and no taxes withheld for 2015.

41. As a result of her misrepresentations of material facts on her 2014 and 2015 tax returns, including but not limited to the overstatement of the amounts of federal taxes withheld

for the 2014 and 2015 tax years, as described above, the IRS was induced to issue erroneous refunds of $27,345.89 and $425,458 to Lorie Sharpe for those tax years respectively.

42. The amount of the erroneous refunds for the 2014 and 2015 tax years totals $452,803.89.

43. Lorie Sharpe converted the erroneous refunds made to her for the 2014 and 2015 tax years to her own personal use.

44. Lorie Sharpe has not returned the erroneous refunds for the 2014 and 2015 tax years in the total amount of $452,803.89.

45. That entire amount of the erroneous refunds that were made to Lorie Sharpe with respect to the 2014 and 2015 tax years remains due and owing to the United States.

46. Interest on the amount of the erroneous refunds for the 2014 and 2015 tax years continues to accrue as provided by law from the dates the erroneous refunds were received until paid.

47. Pursuant to 26 U.S.C. § 7405, the United States is entitled to a judgment to recover the erroneous refunds made to Lorie Sharpe with respect to the 2014 and 2015 tax years, together with interest as provided by law.

WHEREFORE, the United States prays that the Court:

A. Render a judgment that Defendant Lorie Sharpe is indebted to the United States in the amount of $452,803.89, plus accrued interest from the dates the erroneous refunds were received until paid;

B. Award to the United States its costs of prosecuting this action; and

C. Grant such other and further relief as the Court deems just and proper.

## COUNT II: REDUCE LORIE SHARPE'S
## CIVIL PENALTY ASSESSMENTS FOR 2012–2016 TO JUDGMENT

48. The United States incorporates by reference the allegations set forth in paragraphs 1 through 47 of the complaint.

49. The federal income tax returns filed by Lorie Sharpe for the 2012 through 2016 taxable years with the IRS, were, in each case, frivolous within the meaning of 26 U.S.C. § 6702 because of the false amounts of the interest income, tax withholdings, and refunds that were reported or claimed by Lorie Sharpe on each of those returns

50. After the application of all abatements, payments, and credits, and the addition of penalties and interest, Lorie Sharpe remains indebted to the United States of America for the civil penalties for 2012–2016 described in paragraph 34, in the amount of $32,010.16, as of October 29, 2018, plus statutory additions and interest accruing according to law after that date until paid.

51. Under § 7402(a), the United States is entitled to a judgment against Lorie Sharpe for the civil penalties for 2012–2016 described in paragraph 34 in the amount of $32,010.16, as of October 29, 2018, plus statutory additions and interest accruing after that date according to law until paid in full;

WHEREFORE, the United States prays that the Court:

A. Render a judgment in favor of the United States and against Defendant Lorie Sharpe for the civil penalties for 2012–2016 set forth above in paragraph 34 in the total amount of $32,010.16, as of October 29, 2018, plus statutory additions and interest accruing after that date until paid;

B. Award to the United States its costs of prosecuting this action; and

C. Grant such other and further relief as the Court deems just and proper.

## COUNT III: REDUCE LORIE SHARPE'S FEDERAL INCOME TAX ASSESSMENTS FOR 2013–2015 TO JUDGMENT

52. The United States incorporates by reference the allegations set forth in paragraphs 1 through 51 of the complaint.

53. The United States seeks to collect the amounts of the federal income taxes, penalties, and statutory interest that Lorie Sharpe owes for her 2013 through 2015 taxable years, which is limited to any refunds erroneously issued to her and her unpaid tax liabilities for those years.

54. After the application of all abatements, payments, and credits, and the addition of penalties and interest, Lorie Sharpe remains indebted to the United States of America for her income tax liability for 2013, as described in paragraph 31, in the amount of $54,479.08, as of September 3, 2018, plus statutory additions and interest accruing according to law after that date until paid.

55. Under § 7402(a), the United States is entitled to a judgment against Lorie Sharpe for her income tax liability for 2013, as described in paragraph 31, in the amount of $54,479.08 as of September 3, 2018, plus statutory additions and interest accruing after that date according to law until paid in full;

56. After the application of all abatements, payments, and credits, and the addition of penalties and interest, Lorie Sharpe remains indebted to the United States of America for her income tax liabilities for 2014 and 2015, as described in paragraph 31, in the amount of $2,392,971.88, as of September 3, 2018, plus statutory additions and interest accruing according to law after that date until paid.

57. In the alternative, with respect to the claims for erroneous refunds set forth in Count I, the United States is entitled under § 7402(a) to a judgment against Lorie Sharpe for her income tax liabilities for 2014 and 2015, as described in paragraph 31, in the amount of $2,392,971.88 as

of September 3, 2018, plus statutory additions and interest accruing after that date according to law until paid in full.

WHEREFORE, the United States prays that the Court:

A. Render a judgment in favor of the United States and against Defendant Lorie Sharpe for her income tax liability for 2013, as described in paragraph 31, in the amount of $54,479.08 as of September 3, 2018, plus statutory additions and interest accruing after that date until paid;

B. In the alternative, with respect to the claims for erroneous refunds set forth in Count I, render a judgment in favor of the United States and against Defendant Lorie Sharpe for her income tax liabilities for 2014 and 2015, as described in paragraph 31, in the amount of $2,392,971.88 as of September 3, 2018, plus statutory additions and interest accruing after that date until paid;

C. Award to the United States its costs of prosecuting this action; and

D. Grant such other and further relief as the Court deems just and proper.

Date: May 27, 2020

              RICHARD E. ZUCKERMAN
              Principal Deputy Assistant Attorney General

              */s/ Stephen S. Ho*
              STEPHEN S. HO (NY 5173083)
              NISHANT KUMAR (DC 1019053),
              Trial Attorneys, Tax Division
              U.S. Department of Justice
              P.O. Box 227
              Washington, D.C. 20044
              Tel.: (202) 616-8994/514-2986
              Fax: (202) 514-6866
              Stephen.S.Ho@usdoj.gov
              Nishant.Kumar@usdoj.gov

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Lorie B. Sharpe

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen S. Ho, U.S. Department of Justice, Tax Division
P.O. Box 227, Washington, DC 20044
202-616-8994

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7402, 7405

Brief description of cause:
Recover erroneous refunds and reduce assessments to judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 539,293.13

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE: 05/27/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stephen S. Ho

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __555 4th St. NW, Room 6816, Washington, DC 20001__

Address of Defendant: __5029 Parrish St., Philadelphia, PA 19139__

Place of Accident, Incident or Transaction: __Philadelphia__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/27/2020__   __/s/ Stephen S. Ho__   __NY 5173083__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* __Erroneous refunds and reduce assessments to judgment__

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Stephen S. Ho__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/27/2020__   __/s/ Stephen S. Ho__   __NY 5173083__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| United States of America | : | CIVIL ACTION |
| v. | : | |
| Lorie B. Sharpe | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ✓

| 5/27/2020 | /s/ Stephen S. Ho | United States of America |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 202-616-8994 | 202-514-6866 | stephen.s.ho@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.