IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>v.<br><br><br>LORIE B. SHARPE,<br><br>                            Defendant. | CIVIL ACTION<br>NO. 20-2490 |

<u>OPINION</u>

**Slomsky, J.**                                                                                                         September 29, 2021

## I.     INTRODUCTION

This action arises out of allegations by Plaintiff United States of America ("The Government") that Defendant Lorie Sharpe ("Defendant") falsely overstated the amounts withheld on her 2014 and 2015 tax returns. (Doc. No 1 at 7.) On August 17, 2020, Defendant filed an Answer to the Complaint. (Doc. No. 2.) Defendant then filed her first Motion to Dismiss on February 4, 2021. (Doc. No. 7.) The Government then filed a Response in Opposition to Defendant's Motion to Dismiss. (Doc. No 10.) Thereafter, Defendant filed a second Motion to Dismiss (Doc. No. 11) and the Government filed a second Response (Doc. No. 12). For reasons set forth below, Defendant's Motions to Dismiss (Doc. Nos. 7 and 11) will be denied.

## II.    BACKGROUND

On September 3, 2017, the Internal Revenue Service ("IRS") filed a notice of federal tax lien against Lorie B. Sharpe ("Sharpe or Defendant") for unpaid taxes (<u>See</u> Doc. No. 1 at 12.) In an effort to clear up the lien, Sharpe filed suit in the Court of Common Pleas of Philadelphia County, requesting that the federal tax lien be marked satisfied and released. (<u>See id.</u> at 21.) In her <u>pro se</u> filing, she identified the "IRS US Treasury Department" as Plaintiff and herself as the

1

"Alleged Defendant." (Id.)  Sharpe alleged numerous claims against the IRS; however, the two at issue in the instant Motion are: 1) "Release of Lien on Real Property" and 2) "Release of Personal Property." (Id. at 24.)

On September 7, 2018, the Government removed her case to this Court and filed a counterclaim for the amount owed on the tax lien. (See id. at 1; see also Doc. No. 21.) On March 6, 2019, the Honorable C. Darnell Jones II, a judge on this Court, dismissed the case for lack of jurisdiction.[1] (Doc. No. 18.) On April 4, 2019, the Government filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. No. 20 at 1.) On July 22, 2019, the Court denied the Motion.

Subsequently, the Government filed the instant Complaint against Defendant Sharpe to:

a) [R]ecover erroneous refunds made to Lorie B. Sharpe . . . for the 2014 and 2015 taxable years ("Count I");

b) collect the civil penalty assessments made against Lorie Sharpe under 26 U.S.C. § 6702 for filing frivolous returns for the 2012 through 2016 taxable years ("Count II"); and

c) in the alternative, with respect to the claims for erroneous refunds set forth in Count I, collect the tax and additions to tax assessed against Lorie Sharpe for the 2014 and 2015 taxable years; and collect the tax and additions to tax assessed against Lorie Sharpe for the 2013 taxable year ("Count III").

(Doc. No. 1 at 1.)

In the Complaint, the Government alleges that Defendant falsely overstated the amounts withheld on her 2014 and 2015 tax returns. (Doc. No. 1 at 7 ¶ 39.) As a result, Defendant received $452,803.89 in erroneous refunds that she has not returned. (Id. at 8 ¶ 42.) The Government

---

[1] Judge Darnell determined that "Ms. Sharpe did not file a Complaint against the IRS and the IRS was not named as a defendant in the matter upon which the IRS based its removal." Therefore, "the IRS was not in a position to remove the matter to this Court and dismissal of the entire action was appropriate." (Doc. No. 7 at Exhibit A).

submits Defendant owes this entire amount, with accrued interest. (Id. at 8 ¶¶ 45-46.) Moreover, the Government asserts that Defendant remains indebted to the United States for civil penalties for the years 2012 to 2016 in the amount of $32,010.16, plus statutory additions and interest. (Id. at 9 ¶ 51.) Further, the Government avers that Defendant owes $54,479.08 in income tax for the year 2013. (Id. at 11 ¶ 57.) Finally, the Government pleads in the alternative to the claims set forward in Count I, that Defendant owes $72,427.33 for the year 2014 and $2,320,544.55 for the year 2015 for a total of $2,392,971.88, plus statutory additions and interest. (Id. at 10 ¶ 57.)

On June 18, 2020, in accordance with the rule for waiving service of a summons under Federal Rule of Civil Procedure 4(d), the Government sent a waiver of service form to the Defendant at 5029 Parrish Street, Philadelphia, Pennsylvania ("Parrish Street address"), a property owned by Defendant. (See Doc. No. 10 at 2; 12-2.) When no response was received, a process server was hired to serve Defendant at the Parrish Street address. (Doc. No. 10 at 2.) On July 31, 2020, Defendant's seventeen-year-old son was served with the Summons and Complaint at the Parrish Street address. (See id. at 3.) It is important to note for the instant Motion that the address used by Defendant in her pleadings, 2000 Hamilton Street #635, Philadelphia, Pennsylvania, 19130, is a commercial building where Defendant rents a mailbox. (Doc. No 10-4 at 1-2.)

In response, Defendant filed an Answer titled, "Answer and Official Notice of Demand." (Doc. No. 2 at 1.) Defendant alleges that she could not

> understand nor can [she] consent to proceed with this matter, as director and beneficiary of [her] legal person/corporation [the United States has] 21 days to respond in writing and provide proof of claim with evidence, that [the United States has] legal and lawful authority as my public servant, to bother [her] at all.

(Id.) She made no additional allegations. (See id.)

On February 4, 2021, Defendant filed a Motion to Dismiss for Insufficient Service of Process and Principles of Res Judicata. (See Doc. No. 7 at 1.) In the Motion, Sharpe claims that

3

service of her "[seventeen] year old son" at her "daughter['s] place of residence" was not proper service. (Id.)  Further, she alleges that the "claims must be dismissed based on principles of res judicata and collateral estoppel." (Id.)

On February 18, 2021, the Government filed a Response in Opposition to Defendant's Motion to Dismiss. (Doc. No. 10.)  The Government argues that "there has been no adjudication on the merits of the United States' claims," thus precluding res judicata and collateral estoppel. (Id. at 1.)  They further assert that Defendant has waived her insufficient service of process claim because it was not raised in Defendant's initial Answer, and, in any event, service was proper. (Id.)  On March 1, 2021, Defendant filed a second Motion to Dismiss for Insufficient Service of Process and Res Judicata, which is identical to her first Motion, and the Government responded by filing its Response opposing the Motion. (See Doc. Nos. 11-12.)

### III. ANALYSIS

**A. Defendant's Motion to Dismiss the Complaint based on principles of res judicata and collateral estoppel will be denied because there was not a final judgment on the merits in Defendant's first case against the Government.**

Defendant first argues that the Complaint should be dismissed due to principles of res judicata and collateral estoppel because a federal judge in a previous case between the Government and Defendant dismissed the case for lack of jurisdiction. (Doc. No. 1 at 1-2.)  In response, the Government submits that because the first case did not end in a final judgment on the merits, it did not preclude this action. (Doc. No. 7 at 3-4.)

Claim preclusion, also referred to as res judicata, prevents parties from raising issues that could have been raised and decided in a prior action, even if they were not actually litigated. Lucky Brand Dungarees, Inc. v. Marcel Fashion Group, Inc., 140 S.Ct. 1589, 1594 (2020)(citing Brown

4

v. Felsen, 442 U.S. 127, 131 (1979)).  A party seeking to invoke res judicata must establish three elements:

1) A final judgment on the merits in a prior suit involving;
2) The same parties or their privities, and
3) A subsequent suit based on the same cause of action.

Duhaney v. Attorney General of U.S., 621 F.3d 340, 347 (3d Cir. 2008)(quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)).  On the other hand, issue preclusion, also referred to as collateral estoppel, precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment.  Lucky Brand Dungarees, Inc., 140 S.Ct. at 1594 (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Issue preclusion is appropriate when:

1) The issue sought to be precluded is the same as that involved in the prior action;
2) The issue was actually litigated;
3) The issue was actually determined in a valid and final judgment; and
4) The determination was essential to the prior judgment.

F.T.C. v. Cephalon, Inc., 36 F. Supp. 3d 527, 532 (E.D. Pa. 2014)(quoting Burlington Northern R.R. Co v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995).  But most importantly, a judgment dismissing an action for lack of jurisdiction has no preclusive effect on the cause of action originally raised.  Tucker v. Secretary of Health and Human Services, 588 Fed.Appx. 110, 114 (3d Cir. 2014).  See also Fed. R. Civ. P. 41(b)(noting that a dismissal of a case for lack of jurisdiction does not operate as an adjudication on the merits).

Here, Defendant's assertions do not meet the elements of either issue preclusion or claim preclusion.  Defendant's prior suit was dismissed for lack of jurisdiction. (Doc. No. 12 at 3.)  The dismissal also set aside the Government's counterclaim.  (Id.)  Thus, there was no adjudication on the merits of the counterclaim and the case did not end in a final judgment on the merits.  Since Defendant's prior suit has no preclusive effect on this case, Defendant's Motions to Dismiss will be denied.

> **B. Defendant's Motion to Dismiss the Complaint based on insufficient service of process will be denied because this defense was not raised in her Answer and service was proper.**
>
>> **1. Defendant waived the defense of insufficient service of process when she filed an Answer not raising the defense.**

Defendant also submits that the Complaint should be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  (Doc. No. 7 at 1-2.)  The Government argues that Defendant waived this defense by filing an answer to the Complaint.  (Doc. No. 12 at 4.)  The Government further contends that, even if the defense is not waived, service was sufficient.  (Id. at 4.)

Federal Rule of Civil Procedure 12(b)(5) lists as a defense insufficient service of process.  If a defense under Rule 12 (except for lack of subject matter jurisdiction) is not raised in an initial responsive pleading, the defense is deemed waived.  Fed. R. Civ. P. 12(h)(1)(B)(ii).  See also McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 193-196 (3d Cir. 1998)(holding that defense of insufficient service of process is waived if objections are not raised in the answer or pre-answer motion).

However, the obligation to liberally construe a pro se litigant's pleadings is well-established.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In this Circuit, pro se filings are liberally construed because "implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.  Higgs v. Attorney General of U.S., 655 F.3d 333, 339 (3d Cir. 2011)(quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)).  While courts do give greater leeway to pro se litigants on procedural rules, there are limits to this flexibility and pro se litigants must still comply with the same procedural rules that apply to other litigants.  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Defendant filed an Answer to the Government's Complaint on August 17, 2020. (Doc. No. 2.) In her Answer, Defendant does not assert the defense of insufficient service of process. (Id.) While the Court construes her pleadings liberally, nothing in her Answer suggests that she is challenging service of process. Further, even though Defendant is pro se, she still must follow the procedural rules of this Court. Therefore, Defendant has waived the defense of insufficient service of process.

### 2. Defendant's Motion to Dismiss will also be denied because she was properly served with the Summons and Complaint.

Defendant argues that process was not sufficient because her seventeen-year old son was served at her daughter's residence. (Doc. No. 7 at 1-2.) The United States responds by asserting that her son was "of suitable age and discretion" and that the house at which he was served was a home that Defendant owns. (Doc. No. 12 at 6.)

"The party asserting validity of the service bears the burden of proof on that issue." Grand Ent. Grp., Ltd v. Star Media Sales, Inc., 988 F.3d 478, 488 (3d Cir. 1993). Federal Rule of Civil Procedure 4(e) states that service can be effectuated by leaving a copy of the summons and complaint at the "individual's dwelling or usual place with someone of suitable age and discretion who resides there." Whether a particular location is a person's dwelling house or usual place of abode is to be determined from the facts in each particular case. Capitol Life Ins. Co. v. Rosen, 69 F.R.D. 83, 88 (E.D. Pa. 1975) (quoting Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963)).

As to the suitable age requirement, a court in this District has held that individuals as young as a sixteen-year-old are qualified to receive service of process under Federal Rule of Civil Procedure 4, "in light of the fact that the rule has changed so that the person receiving process need not be an adult." De George v. Mandata Poultry Co., 196 F. Supp. 192, 193 (E.D. Pa. 1961). Here,

7

the affidavit of service shows that a process server was hired and left a copy of the Summons and Complaint at the Parrish Street Address with Defendant's seventeen-year-old son. (Doc. No. 10-3.) The affidavit further states that her son resides at the Parrish Street Address. (Id.) No evidence has been introduced by Defendant to refute the claim that Sharpe's son is of suitable age and discretion beside her bare allegation that service to a seventeen-year-old was improper. (See Doc. No. 7 at 1.) In short, Defendant's seventeen-year old son is of suitable age and discretion to receive service of process.

Second, as to whether the Parrish Street address is Defendant's "dwelling house or usual place of abode," records show that Defendant receives mail at this address and that she is the owner of this property. (Doc. No. 10-4 at 2.) In a Declaration of Stephen Ho, the attorney for the government, he notes that "[he] included instructions that the process server could . . . leave a copy with 'someone of suitable age and discretion who resides there' after verifying that Sharpe resides there." (Doc. No. 10-1 at 1-2.) Moreover, the address used in her pleadings, 2000 Hamilton Street #635, Philadelphia, Pennsylvania, 19130, is a commercial building where Defendant rents a mailbox. (Doc. No. 10-4 at 2.) Although Defendant informed an Internal Revenue Service Officer that she is a "traveler" and had no residence, and alleges that 5029 Parrish Street was her daughter's residence and not "The Alleged Defendant's domicile," the facts here are sufficient to show that the Parrish Street address is Defendant's "dwelling house or usual place of abode." (Doc. No. 7 at 1.) Thus, service of process was sufficient.[2]

---

[2] The Court is further persuaded by the Government's argument that since Defendant has participated extensively in the litigation, through the filing of an Answer, assisting in the creation of a F.R. Civ. P. 26(f) Report, and filing two Motions to Dismiss, Defendant has received sufficient notice of the Complaint. (Doc. No 10 at 7 n. 5)(citing Travelers Cas. & Sur. Co. of Am v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009)("So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service.")

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss (Doc. Nos. 7,11) will be denied. An appropriate Order follows.